**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RYAN BLESSIN,

Plaintiff,

v. Case No. 8:25-cv-1793-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

# OPINION AND ORDER[1]

## I. Status

Ryan Blessin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a craniosynostosis, a left kidney removal, musculoskeletal problems, chronic migraines, insomnia, high blood pressure, memory issues, and a herniated disc in his lower back. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed September 9, 2025, at 126, 135, 246. Plaintiff protectively filed an application for SSI on February 16, 2022,

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

alleging a disability onset date of March 20, 2020. Tr. at 197-200.[2] The application was denied initially, Tr. at 126-32, 133, 143-46, and upon reconsideration, Tr. at 134, 135-41, 149-51.

On May 7, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel; a vocational expert ("VE"); and Plaintiff's father, Gary Blessin, testified.[3] Tr. at 104-25. At the time of the hearing, Plaintiff was forty-three years old. Tr. at 109. On June 18, 2024, the ALJ issued a Decision finding Plaintiff not disabled since February 16, 2022, the date the SSI application was filed. See Tr. at 18-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his lawyer, as well as additional medical evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 31-103 (cover letters and medical records), 193-94 (request for review), 327 (brief). On May 8, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On July 11, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as

[2] Although actually dated July 13, 2022, see Tr. at 199, the protective filing date is listed in the administrative transcript as February 16, 2022, see Tr. at 126, 135. The administrative transcript also contains an application summary for a disability insurance benefits (DIB) claim, Tr. at 201-02, that is not at issue here.

[3] The VE appeared via telephone. Tr. at 106.

incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the Appeals Council erred in "failing to find that there was a reasonable probability that the new and material evidence submitted to it would have changed the ALJ Decision." Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 18; "Pl.'s Br."), filed January 7, 2026, at 3.[4] On March 23, 2026, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[4] In this district, social security denial appeals are decided by briefs, not motions for summary judgment. So, the Court construes Plaintiff's filing as a brief.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 20-26. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since February 16, 2022, the application date." Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: chronic low back pain and obesity." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except [he] is further limited to

> occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; and occasional balancing, stooping, kneeling, crouching, and crawling.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 25 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("40 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25 (emphasis and citation omitted), such as "Housekeeping cleaner," "Marker," and "Router," Tr. at 26 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since February 16, 2022, the date the application was filed." Tr. at 26 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the Appeals Council erred by denying review of the ALJ's Decision in the face of new medical evidence confirming the existence and treatment of his migraines. Pl.'s Br. at 3-7. According to Plaintiff, the evidence, consisting of treatment notes dated August 22, 2024 through October 23, 2024, carries a reasonable possibility of changing the outcome of the Decision because "absent the new evidence, a reviewing tribunal may have concluded that there

was not enough evidence to support [Plaintiff's] claims of chronic daily headaches," and "the new evidence directly addresses those possible gaps." Id. at 4, 6. Responding, Defendant argues the evidence is not material because it "present[s] nothing new that the ALJ was not aware of," and it "show[s] that Plaintiff finally sought successful treatment for a condition he alleged he has had since infancy." Def.'s Mem. at 5 (citation omitted).

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d

1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, Plaintiff alleged migraine headaches as one of his disabling conditions when he applied for SSI. Tr. at 126, 135, 246. He also completed a headache questionnaire in which he reported having daily headaches from infancy and for which he had not been treated. Tr. at 274-76. He indicated he uses Tylenol or IB profen to relieve them. Tr. at 275. During the hearing before the ALJ, Plaintiff's counsel alleged Plaintiff has suffered from migraine headaches "for almost his whole life," Tr. at 108, and Plaintiff testified he has "constant migraines every single day" since age twelve or thirteen, Tr. at 109. He indicated they last two to three hours at a time. Tr. at 110. Plaintiff, however, admitted he had not received regular treatment for the migraines. Tr. at 113-14.

The ALJ at step two recognized Plaintiff's "migraines," together with other conditions,[6] and found they "appear to be well-controlled and there is no indication in the medical evidence of record that these conditions . . . cause

---

[6] The other conditions are sleep apnea, hypertension, a history of brain surgery as an infant, and a history of nephrectomy at eight years old. Tr. at 21 (citations omitted).

[Plaintiff] more than a minimal physical or mental limitation in his ability to do work activities."[7] Tr. at 21. The ALJ therefore found the migraines to be a non-severe impairment. Tr. at 21. Later, in evaluating the RFC, the ALJ recognized Plaintiff's father's testimony about "headaches when he was growing up, Tr. at 22, but found as to all of the alleged impairments that the "objective medical evidence of record fails to provide support for [Plaintiff's] allegations of disabling symptoms and limitations." Tr. at 23. The ALJ recognized that consultative examiner Charles Lebowitz, M.D., assessed migraines. Tr. at 23-24. But, the ALJ found that between the medical evidence and Plaintiff's daily activities, the severity of the alleged impairments (implicitly including migraines) is not as great as Plaintiff alleges. Tr. at 24.

The Appeals Council recognized that Plaintiff submitted additional medical evidence. Tr. at 2. The medical evidence, consisting of four treatment notes dated August 22, 2024 to October 23, 2024, shows generally that after the ALJ's June 18, 2024 Decision, Plaintiff sought treatment for his migraine headaches and other issues through a family practice. See Tr. at 31-103. Plaintiff was prescribed Topamax and Naproxen for the headaches, both of which were helpful. Tr. at 59 (trial of Topamax started), 35 ("The Topamax is

---

[7] The ALJ also found "there is no indication in the medical evidence of record that these conditions have lasted or are expected to last 12 months or more," Tr. at 21, but that finding is not relevant to the migraine issue.

helping with his headaches and he tolerates it but he wants to increase it."), 74 ("He has been taking Naproxen for the headaches with no issues.").

The Appeals Council found the evidence "does not show a reasonable probability that it would change the outcome of the [D]ecision." Tr. at 2. The Court agrees. At best, the new evidence shows that Plaintiff sought successful treatment for his migraines. That fact would not affect the ALJ's determination, and the evidence therefore a does not render the denial of benefits erroneous. Banks for Hunter, 686 F. App'x at 709 (citing Ingram, 496 F.3d at 1262).

## V. Conclusion

The ALJ's Decision is supported by substantial evidence, and the Appeals Council did not commit reversible error. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 24, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record